LAWRENCE I. WASHOR
California Bar No. 75180
lwashor@washor.com
21800 Oxnard Street, Suite 790
Woodland Hills, CA 91367
Telephone:     (310) 479-2660
Facsimile:     (310) 479-1022

Attorneys for Plaintiff Automated Systems America, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMATED SYSTEMS AMERICA, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TNS SMART NETWORK INC, an Ontario Corporation, and NRT Technology Corp., an Ontario Corporation<br><br>Defendants. | CV CV13-8801 DSF (PJWx)<br><br>Assigned to the Honorable Dale S. Fischer<br><br>[PROPOSED] PROTECTIVE ORDER |

Based upon the Stipulation Re Entry of Protective Order filed with this Court and good cause appearing therefor, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.     As used herein, "Confidential Information" shall mean information which, in the reasonable opinion of the designating person, or the designating person's counsel, constitutes, reflects or discloses confidential, competitively sensitive, proprietary and/or trade secret information of a party, and which that party wishes to maintain in confidence.  In connection with the production of documents in this action, any designating person may stamp, mark or otherwise designate any document comprising, containing or referring to Confidential Information produced or to be produced by it in connection with this litigation as "Confidential

1  Information -- Subject to Protective Order" or may designate the document in a

2  writing addressed to opposing counsel at or before the time of production.  In

3  connection with responses to interrogatories, requests for admission, expert reports

4  or any other type of discovery response, any designating person may stamp, mark or

5  otherwise designate any such discovery response comprising, containing or referring

6  to Confidential Information produced or to be produced by it in connection with this

7  litigation as "Confidential Information -- Subject to Protective Order" or may

8  designate the response in a writing addressed to opposing counsel at or before the

9  time of production.

10          2.      As used herein the term "Document" shall mean and refer to all items

11  within the scope of Federal Rule of Civil Procedure 33 and shall also include the

12  original and all non-identical copies of any "writing", defined as handwriting,

13  typewriting, printing, Photostatting, photographing, photocopying, transmitting by

14  electronic mail or facsimile, and every other means of recording upon any tangible

15  thing, any form of communication or representation, including letters, words,

16  pictures, sounds, or symbols, or combination thereof, and any record thereby

17  created, regardless of the manner in which the record has been stored. As used

18  herein, "documents" shall refer to any "writings" or "recordings" as those terms

19  are defined in Rule 1001 of the Federal Rules of Evidence, and include, without

20  limitation, both hard-copy information (such as conventional letters, memoranda,

21  spreadsheets, drawings, drafts, notes, calendars and diaries) and electronically

22  recorded information (including, but not limited to, e-mail and any information

23  stored on computer hard drives, processing cards or tapes, memory banks, floppy

24  disks, high capacity removable storage disks, CD-ROMS, DVDs or DATs), and

25  any drafts or copies that differ from the original.  "Documents" also include

26  photographs, objects, archived voicemail messages, and any other forms of

27  potential evidence. As used herein, the term "Document" is not limited to hard-

28  copy documents. It refers to all types of materials.

LAWRENCE I. WASHOR
Counselor at Law

3.    In the event that Confidential Information is produced by a third party, any designating person may stamp, mark or otherwise designate any such document or information produced by such third party comprising, containing or referring to Confidential Information produced as "Confidential Information -- Subject to Protective Order" in a writing addressed to opposing counsel within fifteen (15) days of the production of such documents or information to the objecting counsel by such third party.  Except as provided herein, the receiving counsel shall not show or discuss such information with his client or any other party until such fifteen day period has expired.

4.    Except as otherwise provided by order of the Court, no document containing Confidential Information, including information contained therein, shall be furnished, shown, or disclosed to any person except:  (1) attorneys of record for the parties to this action and their support staff, including paralegal and clerical personnel who are employed by such attorneys of record and who are involved in the preparation and trial of this case; (2) independent experts and consultants not employed by a party who are assisting said attorneys in preparation and/or trial; and (3) potential or actual witnesses (and their counsel) who may be called to testify at depositions or trial; and (4) representatives of the parties having responsibility for managing the defense or the prosecution of the case.

5.    As used herein, "Attorneys' Eyes Only Information" shall mean information which, in the reasonable opinion of the designating person, or the designating person's counsel, constitutes, reflects or discloses confidential, competitively sensitive, proprietary and/or trade secret information of a party, and which that party wishes to maintain in strictest confidence.  In connection with the production of documents in this action, any designating person may stamp, mark or otherwise designate any document or any other discovery response comprising, containing or referring to Attorneys' Eyes Only Information produced or to be produced by it in connection with this litigation as "Attorneys' Eyes Only

LAWRENCE I. WASHOR
Counselor at Law

1  Information -- Subject to Protective Order."  In the event that "Attorneys' Eyes Only

2  Information" is produced by a third party, the document or information shall be

3  designated in accordance with provisions of paragraph 3 of this Stipulation. All

4  expert reports and similar documentation and information produced by an expert for

5  an opposing party shall be deemed to be "Attorneys' Eyes Only Information."

6      6.    Except as otherwise provided by order of the Court, no document

7  containing Attorneys' Eyes Only Information, including information contained

8  therein, shall be furnished, shown, or disclosed to any person except:  (1) attorneys

9  of record for the parties to this action and their support staff, including paralegal and

10  clerical personnel who are employed by such attorneys of record and who are

11  involved in the preparation and trial of this case; and (2) independent experts and

12  consultants not employed by a party who are assisting said attorneys in preparation

13  and/or trial.

14      7.    Confidential Information and Attorneys' Eyes Only Information are

15  hereinafter referred to collectively as "Confidential Material."  The references in this

16  Protective Order to Confidential Material shall also be deemed to include, and to

17  apply to, copies, duplicates, extracts, and/or summaries, and to all materials and

18  documents derived from Confidential Material.  Any party to the above-captioned

19  action may designate any document alleged to contain confidential, competitively

20  sensitive, proprietary and/or trade secret information as Confidential Material.

21      8.    As used herein, "designating person" shall mean the party, or third

22  person or entity who designates documents, testimony or information as

23  Confidential Material under this Order.

24      9.    All documents or information produced or to be produced by any party

25  or designated as Confidential Material by any party in connection with this litigation

26  shall be used only for the purpose of this litigation, including trial preparation and

27  trial.

28      10.    Each person to whom Confidential Material is disclosed by counsel

LAWRENCE I. WASHOR
Counselor at Law

1  shall be advised that the information and/or documents are being disclosed pursuant

2  to the terms of this Stipulation and Protective Order and that they are bound by this

3  Order, the terms of which shall be described to them.  Counsel shall maintain a list

4  of each person outside his firm to whom Confidential Material is disclosed,

5  including the specific Confidential Material disclosed and the date of disclosure.  At

6  the close of this litigation, each party shall provide such list to the opposing parties.

7         11      In connection with the taking of any deposition in this action:

8                 (a)      The party who noticed or requested the deposition shall, prior to

9  the commencement of testimony at such deposition, serve a copy of this Order upon

10  the officer reporting the deposition.  Such officer shall acknowledge service of a

11  copy of this Order, and shall agree that he/she, his/her employees, and his/her agents

12  shall be bound by the terms of this Order, and shall make no use or disclosure of

13  Confidential Material unless expressly permitted by the terms of this Order, or by

14  the express consent of all parties and any designating person who are or may

15  become subject to the provisions of this Order.  Such officer shall provide copies of

16  the deposition transcript or deposition exhibits only to attorneys for the parties and,

17  if the deposition is of a third person or entity, to that deponent or his/her attorney.

18  Depositions at which Confidential Material is to be disclosed shall be attended only

19  by persons authorized hereunder to have access to such material.

20                 (b)      In the event that documents or testimony designated as

21  "Attorneys' Eyes Only Information" will be used at any deposition, if so requested

22  by a party, all persons, other than attorneys, the court reporter and the deponent,

23  must leave the room only for that portion of the deposition in which such Attorneys'

24  Eyes Only Information is disclosed.

25                 (c)      Counsel for any party hereto may, either during any such

26  deposition or within twenty (20) days of receipt of the transcript, designate the

27  deposition transcript along with the deposition exhibits, or any portion thereof, as

28  Confidential Information or Attorneys' Eyes Only Information.  If the deposition is

LAWRENCE I. WASHOR
Counselor at Law

1  of a third person or entity not joined herein, that third person or entity may use the

2  same designation process set forth in this Paragraph.

3          (d)    Notwithstanding the provisions of this paragraph 11, where

4  counsel do not anticipate that the witness will testify about matters covered by this

5  Protective Order, this Order does not need to be marked as an exhibit under

6  paragraph 11(a).  However, if during the deposition the witness does testify about

7  confidential matters covered by this protective Order, the party noticing or

8  requesting the deposition shall provide a copy of this Order upon the officer

9  reporting the deposition.  Such officer shall acknowledge service of a copy of this

10  Order, and shall agree that he/she, his/her employees, and his/her agents shall be

11  bound by the terms of this Order, and shall make no use or disclosure of

12  Confidential Material unless expressly permitted by the terms of this Order, or by

13  the express consent of all parties and any designating person who are or may

14  become subject to the provisions of this Order.  Such officer shall provide copies of

15  the deposition transcript or deposition exhibits only to attorneys for the parties and,

16  if the deposition is of a third person or entity, to that deponent or his/her attorney.

17  Since depositions at which Confidential Material is to be disclosed shall be attended

18  only by persons authorized hereunder to have access to such material, all non-

19  authorized person be excluded from the deposition.

20          12.    When a party to this Order designates the testimony (including

21  proposed testimony) of a person being deposed as Confidential Information or

22  Attorneys' Eyes Only Information, and objection is made to such designation, such

23  designation shall not be withheld because such objection has been made to the

24  Confidential Information or Attorneys' Eyes Only Information designation.  Such

25  testimony shall be treated as Confidential Information or Attorneys' Eyes Only

26  Information until a stipulation or order on motion that it should not be so treated.

27          13.    Any part or parts of this Order may be amended at any time by court

28  order pursuant to written stipulation of the parties hereto or by order of this Court

LAWRENCE I. WASHOR
Counselor at Law

PROTECTIVE ORDER
6

1 for good cause shown.

2    14.    If a party to this Order objects to the designation of any Confidential

3 Material, that party shall so notify the designating party in writing within ten (10)

4 days of such party's receipt of the designation, identifying the Confidential Material

5 as to which objection is made.  The designating party shall respond within ten (10)

6 business days from receipt of such notice.  If the parties cannot agree with respect to

7 the treatment to be accorded the material that has been designated as Confidential

8 Material, the designating party may seek a ruling from the Court with respect to the

9 objected designation(s) within ten (10) days of the parties' inability to reach

10 agreement.  The party seeking to maintain the Confidential Material shall bear the

11 burden of establishing such status is warranted.  Pending the Court's ruling, the

12 provisions of this Order shall remain in force.  If the designating party does not

13 move for a ruling within such ten (10) day time period, the designation need not be

14 honored.  If the designating party does move, the designation shall be honored

15 pending the Court's ruling.

16    15.    All documents or information actually comprising or containing

17 Confidential Material that are filed in any court shall be sealed in a clearly marked

18 envelope and opened only upon further direction of this Court.  No documents filed

19 under seal shall be made available to third parties or the public except by further

20 order of this Court or in accordance with the terms, including the permitted uses

21 specified in this Order.

22    16.    The execution of this Order shall not, in itself, operate as an admission

23 against or otherwise prejudice any contention of any part on any motion provided

24 for herein, or in any other proceeding or trial in this action, nor shall this Order be

25 taken to constitute a waiver of any party's right to seek relief from the Court from

26 any or all provisions of this Order.

27    17.    This Order shall not prevent or limit any party from using Confidential

28 Material in discovery or at trial.  If any party to this lawsuit intends at trial to

LAWRENCE I. WASHOR
Counselor at Law

PROTECTIVE ORDER
7

1   introduce into evidence (or otherwise place in the public record) any Confidential

2   Material, that party will give reasonable written notice to the Stipulating Party that

3   produced the Confidential Material of its intention to do so, so that if the Stipulating

4   Party producing the Confidential Material objects to the intended use, said Party

5   may have a meaningful opportunity to seek relief from the trial court.

6        18.   The terms of this Order shall remain in full force and effect and shall

7   not cease to be in effect because of final adjudication of this litigation.  Upon

8   resolution of this action in the trial court, all Confidential Material shall be held by

9   counsel pending final resolution of this litigation by appeal or otherwise.  Within

10   ninety (90) days after such final resolution, all documents containing Confidential

11   Material, including all copies, summaries, and compilations, shall be destroyed or, at

12   the request of producing counsel, be returned.  Each party responsible for such

13   return or destruction shall certify to all other counsel of record that such destruction

14   or return in fact took place.

15        19.   Notwithstanding Paragraph 18 above, counsel are not required to

16   destroy legal memoranda or opinion letters and other attorney-client privilege or

17   work product document that may contain references to or information extracted

18   from said documents, and all such memos and correspondence may be retained in

19   the attorney's files.  However, the confidentiality of documents and information is

20   otherwise to be protected in accordance with the terms of this Order.

21        20.   If documents subject to a claim of attorney-client privilege, attorney

22   work product or any other ground on which production of such information should

23   not be made to any party is nevertheless inadvertently produced to such party, such

24   production shall in no way prejudice or otherwise constitute a waiver of, or estoppel

25   as to, any claim of privilege, work product or other ground for withholding

26   production to which the producing party or other producing person would otherwise

27   be entitled.  If a claim of inadvertent production is made, pursuant to this Paragraph,

28   with respect to documents then in the custody of another party, such party shall

LAWRENCE I. WASHOR
Counselor at Law

PROTECTIVE ORDER
8

1  promptly return to the claiming party or person that material as to which the claim

2  of inadvertent production has been made.  The party returning such material may

3  then move the Court for an Order compelling production of the material, but said

4  motion shall not assert as a ground for entering such an order the facts or

5  circumstances of the inadvertent production.

6       21.    Nothing contained in this Order shall preclude any party from applying

7  to the Court for further relief or for modification of any provision hereof.

8       22.    Nothing contained in this Order is intended to or shall be deemed or

9  limit any party from any further use of Confidential Material (or information derived

10  therefrom) which that party or its agent has itself produced, generated or obtained

11  other than through discovery in this action.

12       23.    Except as specifically provided herein, the terms, conditions and

13  limitations of this stipulation and Order shall survive the termination of this action.

14       The Stipulating Parties contemplate that the Court will enter a Protective

15  Order in conformance with this Stipulation.  In the event that Confidential Material

16  is produced prior to the time of the entry of such Order, the Stipulating Parties

17  nonetheless agree to be bound by the terms of this Stipulation and Protective Order

18  unless and until the Court modifies such Order.  If the Court modifies the Order, the

19  / / / /

20  / / / /

21  / / / /

22

23

24

25

26

27

28

LAWRENCE I. WASHOR
Counselor at Law

1 | Stipulating Parties will comply with the Order as modified. If the Court declines to
2 | enter the Order, the Stipulating Parties agree to continue to be bound contractually
3 | by the same terms contained in this Stipulation and Protective Order as a separate
4 | contract regarding the Confidential Material entered into by the Stipulating Parties.
5 |     IT IS SO ORDERED.

8 | Dated: ___2/13/15___   _____

PATRICK J. WALSH